UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TANYA GOODMAN,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>FIRST UNUM LIFE INSURANCE COMPANY, *et al.*,<br><br>　　　　　　Defendants. | CASE NO. C21-cv-0902-LK<br><br>ORDER GRANTING STIPULATED MOTION TO SEAL |

    This matter comes before the Court on the parties' stipulated motion to seal the administrative record. Dkt. No. 15. This lawsuit concerns Goodman's claim for disability insurance benefits under a long-term disability insurance policy issued by Defendant First Unum Life Insurance Company to her former employer under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Dkt. No. 1 at 2–3. The parties have met and conferred, agreed that the administrative record should be filed under seal, and agreed that redaction is not a feasible alternative to sealing because of the voluminous amount of medical and other personal information in the administrative record. Dkt. No. 15 at 3.

ORDER GRANTING STIPULATED MOTION TO SEAL - 1

Courts have recognized a "'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when a court considers a sealing request, "a strong presumption in favor of access is the starting point." *Id.* at 1178 (cleaned up). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)). The standard for determining whether to seal a record depends on the filing to which the sealed record is attached and whether those records are "more than tangentially related to the merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098–1102 (9th Cir. 2016). If the records at issue are more than tangentially related to the merits of the case, the court must apply the "compelling reasons" standard to the motion to seal. *See id.* If the records are only tangentially related to the merits, the party seeking to seal the records need only show "good cause" to seal those records. *See id.*

The Court applies the compelling reasons standard because, if this case proceeds, the administrative record will be used to support dispositive motions, which will be more than tangentially related to the merits of the case. Dkt. No. 13 at 2, 7. The compelling reasons standard is met because Goodman has a legitimate interest in keeping her personal and medical information private. *See, e.g., Karpenski v. Am. Gen. Life Companies, LLC*, C12-01569-RSM, 2013 WL 5588312, at *1 (W.D. Wash. 2013) (stating that the "need to protect medical privacy qualifies in general as a 'compelling reason'" to protect medical records and to file them under seal, even if a plaintiff has put her medical information at issue in a lawsuit). Her privacy interests outweigh any limited interest the public might have in the information. Furthermore, the administrative record

is too voluminous and contains too much personal, sensitive information to make redaction a feasible alternative. LCR 5(g); Dkt. Nos. 16–18, 20.

Accordingly, the Court GRANTS the parties' stipulated motion to seal the administrative record, Dkt. No. 15.

Dated this 14th day of March, 2022.

*Lauren King*

Lauren King
United States District Judge

ORDER GRANTING STIPULATED MOTION TO SEAL - 3