UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TANYA GOODMAN,<br><br>                Plaintiff,<br><br>    v.<br><br>FIRST UNUM LIFE INSURANCE COMPANY, et al.,<br><br>                Defendants. | CASE NO. C21-902-LK<br><br>**ORDER GRANTING IN-PART AND DENYING IN-PART PLAINTIFF'S MOTION TO COMPEL AND DEFENDANTS' MOTION FOR A PROTECTIVE ORDER** |

      Plaintiff moves for an order compelling the continued deposition of Katherine Durrell; directing counsel for defendants Unum to refrain from speaking objections that impede examination of the witness; and requesting that Unum bear the costs of the continued deposition and this motion. Dkt. 22. Unum moves for a protective order limiting the deposition to Ms. Durrell's training, investigation of the claim, and relationship with Unum; prohibiting plaintiff's counsel from engaging in repetitive, argumentative, and harassing questioning; and requiring the video recording of all participants, including counsel. Dkt. 24. The Court **GRANTS IN-PART** and **DENIES IN-PART** both motions as set forth below. Dkts. 22, 24.

      The parties' discovery dispute arises from a deposition of Ms. Durrell conducted online via Zoom related to the claim that Unum breached its fiduciary duty to plaintiff. Although discovery is generally limited in ERISA cases, a plaintiff may be entitled to discovery when

alleging a breach of fiduciary duty. *Hancock v. Aetna Life Ins. Co.*, 21 F.R.D. 383, 389 (W.D. Wash. 2017). Even so, an ERISA plaintiff may only "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Id.* (quoting Fed. R. Civ. P. 26(b)(1)) (internal quotation marks omitted). The parties agreed that the deposition of Ms. Durrell, the lead appeals specialist at Unum, "would be limited to her training, investigation of the claim, and relationship to Unum." Dkt. 25-1, at 7 (E-mail message dated Mar. 11, 2022 from plaintiff's counsel to defendants' counsel).

The Court has reviewed the deposition transcript and the parties' briefing and concludes that both parties have acted in good faith in attempting to resolve their disputes regarding the proper scope of Ms. Durrell's deposition and the potentially disruptive nature of repeated speaking objections. The parties are, however, speaking past one another in their zealous advocacy on behalf of their clients' interests. To assist the parties in the exchange of information they already agree is warranted, the Court sets forth the following guidelines.

**1. Plaintiff's Motion to Compel and for Sanctions (Dkt. 22)**

The Court grants in-part and denies in-part plaintiff's motion to compel and for sanctions. The Court directs the parties to continue the deposition of Ms. Durrell. The parties should on the record note that Unum has stated several standing objections to the lines of questioning regarding Ms. Durrell's investigation: (1) general form of the question; (2) asked and answered; (3) repetitive, argumentative, and harassing; and (4) beyond the scope of discovery. Unum may thereafter state spoken objections to plaintiff's questions as Objection 1, Objection 2, Objection 3, and Objection 4 (or Objections 3 and 4, etc.) without further elaboration and then permit Ms. Durrell to answer freely. The Court declines to order Unum to pay the costs of this motion and of continuing the deposition.

**2. Unum's Motion for a Protective Order (Dkt. 24)**

The Court grants in-part and denies in-part Unum's motion for a protective order. The Court reiterates the parties' agreement that Ms. Durrell's deposition "be limited to her training, investigation of the claim, and relationship to Unum." Dkt. 25-1, at 7. Thus, in examining Ms. Durrell, plaintiff should be cognizant that while it is proper to question whether Ms. Durrell accounted for plaintiff's post-auto collision symptoms such as headaches, the focus of the deposition testimony should be on the nature and extent of Ms. Durrell's investigation rather than on interrogating Ms. Durrell's recall of granular aspects of the record. *See, e.g.*, Dkt. 25-2, at 16–17 (Tr. pp. 54–57). The Court directs the parties to make a video recording of the participants, including all counsel for the parties.

## CONCLUSION

As set forth above, the Court **GRANTS IN-PART** and **DENIES IN-PART** both motions. Dkts. 22, 24. Should the parties reach an impasse during Ms. Durrell's deposition, the Court encourages the parties jointly to schedule a telephonic motion with the undersigned magistrate judge by contacting Magistrate Support Clerk Andy Quach at 206-370-8427 and/or andy_quach@wawd.uscourts.gov. *See* LCR 7(i).

DATED this 8th day of June 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge